## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| JULIUS LAMON JONES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:20-CV-60 RLW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Movant Julius Lamon Jones's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 1). The Government filed its response on May 8, 2020. (ECF No. 3). Jones supplemented his motion on July 30, 2020 (ECF No. 7) and the Government responded to the supplement on August 10, 2020. (ECF No. 10). Following the Supreme Court's decision in *United States v. Taylor*, 142 S.Ct. 2015 (2022), Jones filed an additional supplement in July 2022. (ECF No. 12). The Court then appointed counsel for Jones(ECF No. 15) but counsel ultimately declined to supplement the *Taylor* motion. (ECF No. 19). The matter is now fully briefed and ready for disposition.

### **Procedural Background**

On March 17, 2016, the Government charged Jones with: (1) aiding and abetting the interference with commerce by robbery in violation of 18 U.S.C. §§ 1951 and 1952 (Hobbs Act robbery) (Count I), and (2) aiding and abetting the possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count II). *United States v. Jones*, No. 1:16-cr-35 RLW (E.D. Mo.). The jury found Jones guilty on both counts. *Id.* The Court sentenced Jones to 308 months' imprisonment followed by three years of supervised release. *Id.* Jones appealed

and the Eighth Circuit affirmed this Court's judgment. *Id*. Jones now asks the Court to set aside his conviction under § 924(c). (ECF No. 1).

## Legal Standard

Under 28 U.S.C. § 2255, a defendant may seek relief from an improperly imposed sentence on grounds that the sentence violates the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, that the sentence exceeds the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. *Davis v. United States*, 417 U.S. 333 (1974); *Hill v. United States*, 368 U.S. 424, 428 (1962).

## Discussion

In his Motion to Vacate, Jones claims he received ineffective assistance of counsel because appointed counsel failed to: (1) argue that Hobbs Act robbery is not a crime of violence, (2) object to prejudicial evidence, (3) object to jury instructions relating to 18 U.S.C. § 924(c), (4) hire an investigator, (5) ask for a curative instruction following the testimony of Lee Sawyer, (6) challenge a witness's pretrial identification, and (7) impeach a witness. (ECF No. 1). In his first supplement, Jones further asserts that his attorney's opening and closing statements made him "appear guilty after pleading not guilty." (ECF No. 7). In his final supplement, Jones argues that his conviction under 18 U.S.C. § 924(c) must be set aside following the Supreme Court's *Taylor* decision. (ECF No. 12).

Jones's Motion and supplements present two distinct issues: (1) whether Jones received ineffective assistance of counsel, and (2) whether the Supreme Court's decision in *Taylor* requires

this Court to set aside Jones's conviction and judgment under 18 U.S.C. § 924(c). The Court will address each in turn.

## I. Ineffective Assistance of Counsel

The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Jones must show: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced the defense. *Id.* at 687-88. Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689. "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result would have been different." *Jackson v. United States*, 956 F.3d 1001, 1006 (8th Cir. 2020) (quoted case omitted). In considering whether counsel's performance was deficient, "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

In his first claim, Jones asserts that he received ineffective assistance of counsel because his attorney failed to argue that Hobbs Act robbery is not a crime of violence upon which a conviction under § 924(c) can be predicated. On appeal, the Eighth Circuit rejected Jones's contention that Hobbs Act robbery is not a crime of violence. *United States v. Jones*, 919 F.3d 1064, 1072 (8th Cir. 2019) Thus, Jones cannot show that counsel's performance was unreasonable, let alone that counsel's failure to argue the point prejudiced his case.

In his second claim, Jones argues that counsel failed to object to the Government's use of a photograph of a bank deposit bag at trial instead of the bag itself. Jones states that the Government engaged in prosecutorial misconduct by allowing the bag to be returned to its owner before trial. Jones's assertion speaks more to the Government's conduct than that of his attorney.

3

Nevertheless, Jones's contention is purely speculative. He does not and cannot show a reasonable probability that his attorney's failure to object to the photograph impacted the outcome of the trial in any way.

In his third claim, Jones argues that the jury instructions relating to § 924(c) should have included "discharge of the firearm" as an element of the crime and that his attorney erred by not objecting to the exclusion of such language. But the jury unanimously concluded in response to a special interrogatory that Jones discharged the firearm. *Jones*, No. 1:16-cr-35 RLW. Thus, even if the instructions should have included "discharge of the firearm" as an element and counsel erred in failing to object to the instructions, Jones cannot show that his attorney's conduct prejudiced the outcome of the case.

In his fourth claim, Jones argues that his counsel should have hired a private investigator. Jones asserts that a private investigator would have uncovered evidence that Jones was not involved in a previous robbery. Jones does not identify any specific evidence or explain how such evidence would change the outcome of his case. Other courts have rejected such bare allegations. *See United States v. Farish*, 2010 WL 3118576, *6 (D. Minn. Aug. 6, 2010) ("Petitioner offers no support whatsoever for this claim, beyond wild conjecture. The claim therefore fails."). What is more, the decision not to hire a private investigator is well within the range of reasonable professional assistance. *Memarian v. United States*, No. 08-CR-00128-W-NKL, 2011 WL 111239, at *2 (W.D. Mo. Jan. 13, 2011).

In his fifth claim, Jones contends that his attorney should have demanded a curative instruction after eliciting testimony on cross-examination that Jones participated in a previous robbery. The Eighth Circuit considered this issue on appeal and found no error, plain or otherwise, in the Court's decision not to issue a curative instruction. *Jones*, 919 F.3d at 1071. Thus, Jones

cannot show that his attorney's failure to demand a curative instruction prejudiced his case. Even if counsel had requested a curative instruction, the Court would have denied the request.

In his sixth claim, Jones asserts that counsel should have attempted to suppress Tracy Hon's pretrial identification of Jones. Jones further argues that counsel should have challenged Ms. Hon's identification on cross-examination. The Court has reviewed the relevant portion of the trial transcript and finds that counsel's cross-examination of Ms. Hon was reasonable. Counsel elicited testimony from Ms. Hon that the robber was wearing a mask and that Ms. Hon based her identification solely on the appearance of the robber's nose. (Trial Tr., Vol I, pp. 149-161). Counsel also elicited testimony that Ms. Hon initially identified the wrong individual in a lineup. *Id.*

Cross-examination aside, to prevail on a claim that pretrial identification should be suppressed, a defendant must show that the identification procedures used were impermissibly suggestive and created a substantial likelihood of misidentification. *United States v. Martin*, 391 F.3d 949, 952 (8th Cir. 2004), *as corrected* (Jan. 4, 2005) (cleaned up). Jones fails to establish that the pretrial identification procedures themselves were impermissibly suggestive. Jones simply refers to "the suggestive lineup" without any explanation. (ECF No. 1-1 at 21). The crux of Jones's argument is that Ms. Hon's identification was unreliable. *Id.* But "the jury, not the judge, traditionally determines the reliability of evidence." *Perry v. New Hampshire*, 565 U.S. 228, 245 (2012). "The fallibility of eyewitness evidence does not, without the taint of improper state conduct, warrant a due process rule requiring a trial court to screen such evidence for reliability before allowing the jury to assess its creditworthiness." *Id*. Simply put, Jones cannot establish that counsel behaved unreasonably by not moving to suppress the pretrial identification, let alone that the absence of such a motion impacted the outcome of the case.

In his seventh claim, Jones argues that counsel should have impeached Ms. Hon during cross-examination regarding her pretrial identification. "A failure to impeach constitutes ineffective assistance when there is a reasonable probability that, absent counsel's failure, the jury would have had reasonable doubt of the petitioner's guilt." *Whitfield v. Bowersox*, 324 F.3d 1009, 1018 (8th Cir.), *opinion vacated in part on reh'g*, 343 F.3d 950 (8th Cir. 2003). Here, Jones argues that despite Ms. Hon's testimony at trial that she recognized Jones based solely on his nose, Ms. Hon had previously told the FBI that she identified Jones based on his nose *and* his eyes. Even if counsel had impeached Ms. Hon on this basis, the Court is skeptical that it would have helped Jones's case. Generally, criminal defendants do well not to remind witnesses that their pretrial identification was, in fact, based on more than just one physical attribute. Here again, Jones fails to establish that his attorney erred, let alone that the impeachment of Ms. Hon would have impacted the outcome of the case, especially in light of what the Eighth Circuit referred to as "overwhelming" evidence against Jones. *See Jones*, 919 F.3d at 1071.

Finally, in his eighth claim—which Jones filed as a supplement on July 30, 2020—Jones argues that his attorney's opening and closing statements "caused defendant to appear guilty after pleading not guilty." (ECF No. 7 at 1). This assertion is conclusory and entirely unsupported by the record.

For the foregoing reasons, Jones has failed to establish that counsel's performance fell below an objective standard of reasonableness and consequently prejudiced the defense. Jones's Motion to Vacate is denied.[1]

---

[1] A motion to vacate a sentence under § 2255 requires a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. 2255(b). The Court finds that a hearing is not necessary in this matter because the claims are inadequate on their face and the record affirmatively refutes Movant's factual assertions. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008).

### II. The *Taylor* Supplement

Jones asserts that Hobbs Act robbery can no longer serve as a predicate for conviction under § 924(c) following the Supreme Court's decision in *Taylor*. Jones misunderstands the Supreme Court's decision.

In *Taylor*, the Supreme Court considered whether attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c). *Taylor*, 142 S.Ct. 2015. To that end, the Court asked whether attempted Hobbs Act robbery always requires the Government to prove beyond a reasonable doubt that a criminal defendant used, attempted to use, or threatened to use force. *Id*. at 2020. The Court held that it does not: "[T]o secure a conviction the government must show an intention to take property by force or threat, along with a substantial step toward achieving that object. But an intention is just that, no more." *Id.* In doing so, the Court explicitly recognized that "to win a conviction for a *completed* robbery the government must show . . . actual or threatened force." *Id*. (internal quotation marks omitted) (emphasis original).

Jones was not convicted of attempted Hobbs Act robbery. The jury found that Jones *completed* the robbery. Because actual or threatened force is an element of completed Hobbs Act robbery, a conviction for the same qualifies as a crime of violence under § 924(c). *See United States v. Graham*, No. CR 19-185(2) (SRN), 2022 WL 2719177, at *9 (D. Minn. July 13, 2022) (citing *Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017)). Nothing in the *Taylor* decision changes that. *Id.* Thus, this Court will not set aside Jones's § 924(c) conviction.

### Conclusion

Jones has not established ineffective assistance of counsel or a valid basis for setting aside his § 924(c) conviction following the Supreme Court's *Taylor* decision.

7

Accordingly,

**IT IS HEREBY ORDERED** that Julius Lamon Jones's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**. (ECF No. 1).

**IT IS FURTHER ORDERED** that Julius Lamon Jones has not made a substantial showing of the denial of a constitutional right and this Court will not issue a certificate of appealability.

An appropriate judgment will accompany this memorandum and order.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of February, 2023.